UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RAYMOND WALLACE SMITH**                                **CIVIL ACTION**

**VERSUS**                                                **NO. 08-4815**

**WALTER REED/DISTRICT ATTORNEY**                         **SECTION: "B"(1)**

### REPORT AND RECOMMENDATION

Plaintiff, Raymond Wallace Smith, a state pretrial detainee, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against St. Tammany Parish District Attorney Walter Reed.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>    (i) is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Although broadly construing plaintiff's complaint,[2] the Court nevertheless finds that this civil action should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

In the complaint, plaintiff states his claim as follows: "I have been incarcerated over 220 days without an arraignment, bond set, without having a pre-trial set, etc. I have been incarcerated

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

since February 29, 2008." In his prayer for relief, he requests: "I want the court under its jurisdiction to order the District Attorney to arraign me and set bond, allow me to see any evidence (if any) and set pre-trial in accordance with state and federal law, or release me from incarceration."

In this lawsuit, plaintiff essentially requests that the Court issue a writ of mandamus directed to the district attorney; however, this Court has no authority to issue such a writ to direct District Attorney Walter Reed in the performance of his duties. See, e.g., Lewis v. Texas, No. 01-10216, 2001 WL 1075827 (5th Cir. Aug. 21, 2001); Isaac v. Stephens, No. 3:07-CV-0524, 2007 WL 1393774, at *1 (N.D. Tex. May 11, 2007); Tealer v. Walton, No. 3-05-CV-0420, 2005 WL 1107390, at *1 (N.D. Tex. May 5, 2005) (Kaplan, M.J.), *adopted*, 2005 WL 1422124 (N.D. Tex. June 13, 2005) (Boyle, J.); Dupree v. Hill, No. 3-04-CV-2192, 2004 WL 2348228, at *1 (N.D. Tex. Oct. 18, 2004) (Kaplan, M.J.), *adopted*, 2005 WL 273258 (N.D. Tex. Feb. 3, 2005) (Boyle, J.).

Further, to the extent that plaintiff is seeking to challenge his continued detention and to gain release from imprisonment, he must pursue that form of relief in a *habeas corpus* proceeding, not a civil rights action brought pursuant to 42 U.S.C. § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994). However, even if the Court construes the instant complaint in part as a petition seeking *habeas corpus* relief pursuant to 28 U.S.C. § 2241, any claim for *habeas* relief is subject to dismissal for the following reasons.

A pretrial detainee seeking relief from a federal court under § 2241 normally must first have exhausted his claims in the state courts. The United States Fifth Circuit Court of Appeals has held:

> Section 2241(c)(3), which empowers district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion. Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.
> 
> The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.

Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). The Court of Appeals has further held:

> [A] claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)).

Therefore, a Louisiana pretrial detainee generally cannot proceed to federal court pursuant to § 2241 unless he has first presented his claims to the state's highest court, the Louisiana Supreme Court, in a procedurally proper manner. Plaintiff has not met that requirement. On November 7, 2008, chambers staff contacted the Clerk of the Louisiana Supreme Court by telephone and

4

confirmed that plaintiff has filed no applications with that court relating to this prosecution. Because the Louisiana Supreme Court has never been afforded a "fair opportunity" to pass upon plaintiff's *habeas* claims, the claims would not be exhausted. Accordingly, the interests of comity and abstention recognized in Dickerson and Braden would be offended if this Court were to address those claims. Federal intervention at this juncture would serve only to disrupt the state judicial processes.

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's 42 U.S.C. § 1983 claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's *habeas corpus* claims be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twelfth day of November, 2008.

 _____
 **SALLY SHUSHAN**
 **UNITED STATES MAGISTRATE JUDGE**